

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00710-CR

Daniel **WEBSTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2112A
Honorable Dick Alcala, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: May 29, 2019

MOTION TO WITHDRAW GRANTED; AFFIRMED

Daniel Webster pled no contest to a charge of possession of a controlled substance —

methamphetamine, 4 to 200 grams — as part of a plea agreement with the State. In accordance

with the agreement, the trial court found Webster guilty, fined him $1,500, and sentenced him to

three years in prison. The court suspended the sentence of confinement and on September 9, 2016,

placed Webster on community supervision for a period of three years. In September 2017, the

State filed a motion to revoke Webster's community supervision, alleging he violated multiple

conditions of his community supervision. Webster pled true to the allegation that he violated

condition number 5 by failing to report to the Supervision Officer as directed in December 2016,

and in January, March, April, May, July, and August 2017. After a hearing, the trial court found Webster violated condition number 5, revoked his community supervision, and imposed the original sentence. Webster timely appealed.

Webster's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Webster and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Counsel also provided appellant with a copy of the appellate record. This court then notified Webster of the deadline for him to file a pro se brief. No pro se brief was filed.

We have thoroughly reviewed the record and counsel's brief. We conclude the record presents no arguable grounds for appellate review and the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Webster's counsel and affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Webster wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.